IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD LEE TULLY, JR.                                                                    PLAINTIFF

v.                    Civil No. 5:23-cv-05155-TLB-CDC

DUSTIN LE, Wal-Mart; and
KLAYTON HOLT, Wal-Mart                                                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Ronald L. Tully, Jr., filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff contends the Defendants violated his federal constitutional rights by using excessive force against him.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

### I.   BACKGROUND

According to the allegations of the Complaint, on July 1, 2023, as Plaintiff was leaving the Wal-Mart Store located on Martin Luther King Boulevard in Fayetteville, the Defendants, who did not identify themselves, yelled at him: "What's in the backpack." (ECF No. 1 at 4). Plaintiff says both his arms were grabbed by the Defendants and he felt he was being mugged. *Id.* at 5. Plaintiff states he was mugged in the past. He asserts he has "learned to defend myself because of my mental health issues." *Id.*

## II.  APPLICABLE STANDARD

Plaintiff, a non-prisoner, has been given leave to proceed IFP.  (ECF No. 3).  On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved."  *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014)(internal quotation marks and citation omitted).

However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Despite the liberal pleading standard, the complaint must still contain sufficient facts to state a claim as a matter of law and must not contain mere conclusory allegations.  *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

A § 1983 complaint must allege that each defendant, *acting under the color of state law*, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or by federal law.  See *West v. Atkins,* 487 U.S. 42, 48 (1988).  "When evaluating whether private action has become state action, we examine the connection between the private entity and public authority."  *Hanuman v. Groves,* 41 Fed. App's 7, *8 (8th Cir. 2002).  In *Hanuman,* the Eighth Circuit gave two examples of when state action may be found to exist:  (1) if the local police do not make an independent investigation as to whether the accused is a shoplifter pursuant to a customary plan between the store and police department; or (2) when the apprehending store employee is a member of the local police force and has a close relationship with the local prosecutor.  *Id.* at 8-9; *Youngblood v. Hy-Vee Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001), *cert. denied* 535 U.S. 1017 (2002)(first example); *Murray v. Wal-Mart, Inc.,* 874 F.2d 555, 559 (8th Cir. 1989)(second example).   In *Hanuman,* the Eighth Circuit found that no state action existed between Wal-Mart, its employees, and the local authorities.  *Hanuman,* 41 Fed. App'x. at 9.  It noted the police had performed an independent investigation, there was no evidence Wal-Mart and the police had a pre-arranged or customary plan to work together, and the defendants were not in the employ of the local police department.  "[A] private party's mere invocation of state legal procedures does not constitute state action."  *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d at 855 (citations omitted)(store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)

Here, Plaintiff has not alleged that he was seized pursuant to any pre-arrangement with the local police department or that the defendants were in the employ of the local police department.

In this case, there are no allegations sufficient to suggest that Defendants acted under color of law. Therefore, no plausible claim is stated under § 1983.[1]

### IV.   CONCLUSION

For these reasons, it is recommended that:

(1)   the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and

(2) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of October 2023.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] This means only that there is no federal constitutional remedy.   It does not mean no remedy exists only that it sounds in tort and would be a matter for state court.